UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bray International, Inc.,                          Civil No. 05-1618 (PAM/AJB)

                 Plaintiff,

v.                                        **MEMORANDUM AND ORDER**

Raymond A. Collings and
Jon K. Heidinger,

                 Defendants.

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings with Respect to Plaintiff's Common Law Fraud Claim. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Plaintiff Bray International, Inc. manufactures actuators and valves. Technical Industrial Sales, Inc. ("TIS") is a closely-held corporation that formerly distributed Bray products. Defendant Raymond A. Collings is the sole shareholder of TIS and chairman of its board of directors. Defendant Jon K. Heidinger is the treasurer of TIS and vice-president of its board.

Between August 1995 and August 1998, Bray and TIS executed three distributorship agreements, which granted TIS the right to serve as the exclusive distributor of Bray products in Minnesota, the Dakotas, and parts of Michigan and Wisconsin. Bray terminated the agreements in October 2002.

During the course of their relationship, Bray allowed TIS to purchase products for

select, high-volume customers at discount prices.  Bray's common law fraud claim[1] is based on allegations that TIS employees, acting at the behest of Defendants, misrepresented that TIS was ordering goods for customers eligible for the price discounts when, in fact, TIS was using those goods for general inventory or to sell to customers not eligible for the discounts at prices substantially higher than the agreed retail prices for eligible customers.  Bray also alleges that TIS employees regularly and systematically falsified invoices by misrepresenting the true purpose of the orders or misrepresenting the identity of the end customer.  As a result of this alleged scheme, TIS purportedly increased its profit margin by inducing Bray to sell products to TIS at prices lower than Bray would have otherwise charged.

**DISCUSSION**

**A.    Standard of Review**

Federal Rule of Civil Procedure Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The parties have submitted materials outside of the pleadings.  Thus, the Court will treat the Motion for Judgment on the Pleadings as one for summary judgment under Federal Rule of Civil Procedure 56.  See Fed. R. Civ. P. 56(c).

---

[1] The Complaint also sets forth fraudulent transfer and alter ego claims against Defendant Collings.  (See Compl. at 7.)  However, those claims are not currently before the Court.

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Id.  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Enter. Bank, 92 F.3d at 747.  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.     Common Law Fraud**

Defendants argue that Bray has failed to plead all basic elements of the fraud claim and has failed to meet the particularity requirements of Federal Rule of Civil Procedure 9(b).

Common law fraud encompasses intentional misrepresentation.  Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 529 (8th Cir. 1999); Dvorak v. Maring, 285 N.W.2d 675, 678 n.4 (Minn. 1979) ("we see no distinction between a theory of recovery based on intentional misrepresentation and one based on fraud").  To state a claim for intentional misrepresentation under Minnesota law, a plaintiff must allege that: (1) the defendant made a false

3

misrepresentation about a past or present material fact that was susceptible of knowledge; (2) the defendant knew the misrepresentation was false or asserted it as of his own knowledge without knowing whether it was true or false; (3) the defendant intended to induce the plaintiff to act and the plaintiff was indeed induced to act; and (4) the plaintiff acted in reliance on the representation and was thereby damaged. M.H. v. Caritas Family Servs., 488 N.W.2d 282, 289 (Minn. 1992) (citing Florenzano v. Olson, 387 N.W.2d 168, 174 n.4 (Minn. 1986)).  A corporate officer may be liable for fraud committed by the corporation's employees if the officer participated in the fraud, directed the employees to commit the fraud, or was negligent in failing to learn of and prevent the fraud. Avery v. Solargizer Int'l, Inc., 427 N.W.2d 675, 681 (Minn. Ct. App. 1988) (citing Morgan v. Eaton's Dude Ranch, 239 N.W.2d 761, 762 (Minn. 1976)).  However, a corporate officer who took no part in a fraudulent scheme cannot be liable for acts of other employees, agents, or officers. Id.

"In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  To meet Rule 9(b)'s heightened pleading requirement, a plaintiff must set forth the "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th Cir. 1997) (citations omitted).  Moreover, where "allegations of fraud are . . . based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." Id. at 550 (citation omitted).

4

Bray concedes that the Complaint contains no allegations that Defendants made a material misrepresentation. Nonetheless, it submits that its allegations that Defendants, as corporate officers, directed TIS employees to make fraudulent misrepresentations is sufficient to set forth a common law fraud claim. It notes that the Complaint identifies the time frame during which the alleged fraud took place, the nature and content of the fraudulent misrepresentations, the persons who directed TIS employees to make the fraudulent misrepresentations to Bray, the manner in which the fraudulent misrepresentations were carried out, and the financial damages suffered by Bray as a result of the misrepresentations.

Notwithstanding all of this information, Bray fails to allege a key element of the fraud claim: who made a false statement. Moreover, the evidence on which Bray relies does not support a finding of common law fraud against Defendants. For example, Christopher Hambrook, a former employee, testified that former president Bob Klick initiated the practice of falsifying invoices. (Hyman Aff. Ex. C (Hambrook Dep.) at 44-45.) Hambrook further testified that when Arne Watland succeeded Klick as president, Watland instructed Hambrook to submit fake purchase orders to Bray. (Id. at 45.) Notably, Hambrook also testified that Collings instructed Watland to stop the fraudulent practice. (Id.)

Other former employees merely allege that Defendants were concerned with profit margins. (Siewert Aff. ¶ 5.) The most damaging allegation comes from Watland, who averred that "it would not have been possible for [Defendants] to be unaware of this longstanding practice [of submitting false invoices] and, to my knowledge both [Defendants] were aware of

5

this practice and openly encouraged TIS' employees to do 'whatever it took' to increase profit margins." (Watland Aff. ¶ 7.)  In addition, Watland avers that when he explained to Defendant Collings that margins were declining because Bray more frequently required TIS to submit customer purchase orders, Defendant Collings responded that Watland could modify purchase orders.  (Id.)  However, these statements are mere suppositions and too general to support a fraud claim.  Bray has failed to plead or produce any evidence of a specific instance where either Defendant directed a purchase order to be falsified.

Alternatively, Bray requests that the Court allow it to amend the Complaint to plead the fraud claim more particularly.  However, as noted above, the evidence Bray submitted in support of its request does not support a finding of fraud.  Bray has failed to adduce evidence to support more particular allegations.

**CONCLUSION**

None of the evidence submitted by Bray supports a finding that Defendants ever misrepresented anything to Bray or that Defendants directed TIS employees to defraud Bray. Consequently, Bray has failed to sufficiently plead or establish a common law fraud claim. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion for Judgment on the Pleadings with Respect to Plaintiff's Common Law Fraud Claim (Docket No. 31) is **GRANTED**;

2. The Common Law Fraud claim, set forth in Count IV.A. of the Complaint, is **DISMISSED with prejudice**; and

3. Defendant Jon K. Heidinger is **DISMISSED** from this action.

Dated: June 23, 2006

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge
